UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
LESLIE DANZIS,                                           :
                              Plaintiff,                 :
                                                         :
           against-                                      :           06 Civ. 8279 (HB)
                                                         :           **OPINION & ORDER**
JP MORGAN INVESTMENTS, CHASE                             :
INVESTMENT SERVICES CORP., JP MORGAN                     :
CHASE BANK, N.A. and ROBERT JOHN DECKER                  :
                              Defendants.                :
-----------------------------------------------------------------------x
Hon. HAROLD BAER, JR., District Judge:

## 1. BACKGROUND

Leslie Danzis ("Plaintiff") filed a complaint October 11, 2006 against JP Morgan Investments, Chase Investment Services Corporation ("CISC"), JP Morgan Chase Bank, N.A., and Robert John Decker ("Defendants") alleging a variety of claims including violations of the Securities Exchange Act Section 10(b) and (Rule 10(b)(5), common law fraud, intentional misrepresentation, negligent misrepresentation, breach of contract, and breach of the duty of good faith and fair dealing in connection with her purchase of three funds with Chase Investment Services Corp between February and September 2000. Plaintiff's original complaint filed in this federal action included additional causes of action—violation of the Investment Advisors Act, Breach of Fiduciary Duty, violation of the New York State General Business Law §349 (a) & (h) ("the Martin Act"), and spoliation of evidence. However, in a stipulation by the parties and signed me on November 14, 2007, these four causes of action were dismissed.[1] JP Morgan Investments was dismissed without prejudice in that same Stipulation. The sole remaining federal cause of action in this case is the § 10(b) and Rule 10(b)(5) securities fraud claim.

Defendants moved to dismiss the complaint claiming that Plaintiff failed to meet the heightened pleading standards of Rule 9(b), as well as the Private Securities Litigation Reform

---

[1] Plaintiff's causes of action for breach of fiduciary duty, the Martin Act, and the Investment Advisor's Act were dismissed with prejudice, and the fourth, spoliation, was dismissed without prejudice. Interestingly, in her opposition papers Plaintiff still alleges violation of the Martin Act, but it seems clear that in light of the dismissal this argument is unavailing.

1

Act of 1995, and that Plaintiff exceeded the applicable statute of limitations.[2] Plaintiff has moved to amend her complaint under Fed. R. Civ. P. 15 and is agreeable to a remand of her case to state court should this Court dismiss the § 10(b) claim. Since this motion to dismiss is based in part on the statute of limitations and since that theory is persuasive, I need not reach the remaining theories advanced in the motion.

For the reasons set forth below, I dismiss the securities fraud claim under § 10(b) and Rule 10(b)(5) and I decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3) for the remaining state law claims. Thus, I grant Defendants' motion to dismiss with respect to the federal claim and deny their motion with respect to the state claims. Plaintiff's cross-motion to remand remaining state claims to state court is granted and thus her cross-motion to amend her complaint is moot.

## I. FACTUAL BACKGROUND

In February 2000, Plaintiff Leslie Danzis ("Danzis" or "Plaintiff") opened an investment account with Chase Investment Services Corp. ("CISC" or "Defendant"). Over the course of the next several months, Plaintiff purchased shares of three funds: the AIM Mid Cap Opportunities Fund (9,324 shares purchased on February 2, 2000; 3,090 additional shares purchased on February 24, 2000); Franklin Biotech Disc. Fund (853 shares purchased on February 24, 2000); and the Pimco Global Fund (533 shares purchased on September 7, 2000). In all, Plaintiff's investment purchases totaled $400,000; she made no additional investments and did not sell any of the Funds while she maintained her Account through CISC. See Pl. Decl. ¶16; Pl. Attorney's Decl. ¶¶2-7; Pl. Mem. of Law in Opposition to Def. Mot. to Dismiss at 5.

After Plaintiff opened her account, the value of the funds began to decline. On November 4, 2002, Plaintiff closed her CISC account and transferred her holdings to another brokerage firm, having sustained a loss of approximately $200,000. On September 23, 2005, Plaintiff wrote a letter to Defendant CISC seeking reimbursement for the losses she had suffered. In this letter, Plaintiff wrote that she had become aware in the Spring of 2000 that the Funds in which she had invested had begun to rapidly decline in value. CISC responded by letter on November 2, 2005, indicating that it would not honor Plaintiff's request. Subsequently, on March 1, 2006, Plaintiff's attorney sent a second letter to CISC. On March 24, 2006, CISC sent

---

[2] Defendants also originally moved to dismiss the complaint because Plaintiff failed to state a cause of action for the allegations concerning Investment Adviser's Act of 1940, the New York General Business Law 349 §§ (a) & (h), the requirement to register securities under the Securities act of 1933, but these are now moot.

a letter reaffirming its decision not to reimburse Plaintiff for the losses she had suffered through her investment account. Upon termination of her account in 2002, Plaintiff alleges that the remaining funds in the investment account totaled approximately $199,000.

Procedural History

On August 1, 2006, Plaintiff filed suit in New York state court. Later the same month, the case was removed to the Southern District of New York because it involved questions of federal law. Defendants filed a motion to dismiss on April 23, 2007.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint where the complaint "fail[s] ... to state a claim upon which relief can be granted[.]" In reviewing a motion to dismiss, this Court accepts the allegations in the complaint as true and draws all reasonable inferences in favor of the non-moving party. See Patel v. Searles, 305 F.3d 130, 134-35 (2d Cir.2002). A motion to dismiss will only be granted if the party can prove no set of facts in support of its claim that would entitle it to relief. See Citibank, N.A. v. K-H Corp., 968 F.2d 1489, 1494 (2d Cir. 1992).

While recognizing that this is a 12(b)(6) motion, the threshold question concerns the statute of limitations. Generally, where the dates in a complaint show that an action is barred by a statute of limitations, it is appropriate for a defendant to move to dismiss for failure to state claim on which relief can be granted. Harriman v. I.R.S., 233 F. Supp.2d 451, 455 (E.D.N.Y.2002) (internal citations and quotations omitted). "The Court's duty is merely to assess the legal feasibility of the [amended] complaint, not to assay the weight of the evidence which might be offered in support thereof." Id. (internal citations and quotations omitted). "What that means in the statute of limitations context is that dismissal is appropriate only if a complaint clearly shows the claim is out of time." Harris v. City of New York, 186 F.3d 243, 250 (2d Cir. 1999) (internal citations and quotations omitted).

Defendants rely on the statute of limitations provisions for claims of fraud in the purchase or sale of any securities under Section 10(b) and Rule 10(b)(5) of the Securities Exchange Act of 1934. A securities fraud claim must be brought not later than the earlier of: 2 years after the discovery of the facts constituting the violation; or 5 years after such violation." 28 U.S.C. §

1658(b)(2). According to the facts on the face of the complaint, Plaintiff simply filed her claim six years after the purchase and sale of the funds meeting neither statute of limitations.

Plaintiff attempts to avoid this provision by alleging that the New York statute of limitations for fraud should be invoked instead. Here, a federal statute provides a statute of limitations. Unfortunately for Plaintiff, case law makes clear that state law is used to determine the relevant statute of limitations only in the absence of a federal standard. See <u>Arneil v. Ramswey</u>, 550 F.2d 774, 779 (2d Cir. 1977); <u>Stull v. Bayard</u>, 561 F.2d 429, 431-32 (2d Cir. 1977).

Danzis began purchasing the Funds in question on February 2, 2000 and completed her purchases around September 7, 2000 totaling an investment of $400,000. See Pl. Decl. ¶16; Pl. Attorney's Decl. ¶¶2-7; Pl. Mem. of Law in Opposition to Def. Mot. to Dismiss at 5. Plaintiff did not file suit until August 2006—nearly six years after her purchases were completed. Plaintiff avers that she did not realize the alleged fraud until February 2006, when Defendant Decker provided her at her request with copies of her account opening paperwork, which she claims evidence Defendant's fraud in purchasing high-risk investments instead of low-risk investments. However, by the plain language of the federal statute of limitations in § 1658, it is the earlier of the two years after discovery of the facts constituting the violation or five years after such violation that controls. Thus, because Plaintiff did not file suit within five years of September 2000—the last day on which Defendant could have made the alleged fraudulent statements and be within the statute of limitations—the federal claim is time-barred.

<u>Equitable Tolling</u>

In order to save her 10(b)(5) claim, Plaintiff claims that equitable tolling should be applied to stay the statute of limitations. However, equitable tolling is not available in securities fraud cases. This Court said as much in <u>De La Fuente v. DCI Telecomms., Inc.</u>, 259 F. Supp. 2d 250 (S.D.N.Y. 2003), another case where a plaintiff urged application of equitable tolling to save a securities fraud claim:

> [P]laintiff's invocation of equitable tolling to oppose the motion to dismiss was similarly frivolous….[t]he Supreme Court rejected that precise argument in [Lampf, Pleva Lipkind, Prupis & Petigrow v. Gilbertson, 501 U.S. 350 (1991)], holding specifically that the doctrine of equitable tolling does not apply to the statute of limitations in securities fraud cases. <u>Lampf</u>, 501 U.S. at 364. The law on the point had been settled for a decade when the complaint was filed. <u>Rothman v. Gregor</u>, 220 F.3d 81 (2d Cir. 2000); <u>Friedman</u>

4

v. Wheat First Securities Inc., 64 F. Supp. 2d 338 (S.D.N.Y. 1999); Borden, Inc. v. Spoor Behrins Campbell & Young, Inc., 778 F. Supp. 695 (S.D.N.Y. 1991). So plaintiff had no objectively reasonable prospect of prevailing on that theory, either. Id. at 263 (some internal citations omitted).

As this Court has stated: "The statute of limitations has nothing to do with the underlying facts. It imposes a procedural barrier to suit—even to suit on a claim that would have merit as a matter of fact, had it been timely brought. When a claim is stale, it may not be maintained, whether or not it is otherwise meritorious." De La Fuente, 259 F. Supp. 2d at 263.

Amendment of Complaint

Plaintiff has moved to amend her complaint under Fed. R. Civ. P. 15. Although repleading may cure some deficiencies in a complaint, when an affirmative defense, e.g. the statute of limitations, is successfully asserted on the face of the complaint, repleading serves no purpose. See Sarabian v. Oasis Oil Co. of Libya, Inc., 1987 WL 9386, No. Civ. A.H. 84-3026, at *1 (S.D. Tex., April 2, 1987) citing Gen. Guar. Ins. Co. v. Parkerson, 369 F.2d 821, 825 (5th Cir. 1966). Here, Plaintiffs' complaint on its face clearly shows that the statute of limitations has run. Therefore, an amendment would be to no avail.

Supplemental Jurisdiction

I have disposed of all federal claims and now I have discretion as to whether to hear any remaining state causes of action. 28 U.S.C. § 1367(c)(3). I decline to hear said causes of action and remand them to the appropriate state court.

## IV. CONCLUSION

Defendant's Motion to Dismiss as to Plaintiff's federal 10(b)(5) claim is granted with prejudice. In addition, I deny Plaintiff's Cross-Motion to Amend. I grant Plaintiff's Cross-Motion to remand her remaining claims back to state court. I direct the Clerk of the Court to close this case and remove it my docket.

SO ORDERED
December 2007
New York, New York

U.S.D.J.

5